IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ALVERNA L. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-0164-CV-W-RED |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Alverna L. Adams ("Adams") seeks judicial review of the Commissioner's denial of her request for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

### II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work

that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Adams argues that (1) the ALJ failed to properly evaluate Adams' credibility and (2) the testimony of the vocational expert is unsubstantiated.

#### A. The ALJ Properly Evaluated Adams' Credibility.

The ALJ concluded that Adams' subjective complaints are not credible to the extent that she claims she was disabled prior to March 31, 2002, the date her insured status expired. In *Polaski v. Heckler*, 751 F.2d 943 (8th Cir. 1984), the Eighth Circuit set forth factors that the ALJ must consider in evaluating a claimant's subjective complaints. The ALJ is "not required to discuss methodically each *Polaski* consideration, so long as he acknowledged and examined those considerations before discounting [the claimant's] subjective complaints." *Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000); *see also McKinney v. Apfel*, 228 F.3d 860, 864 (8th Cir. 2000). "Where adequately explained and supported, credibility findings are for the ALJ to make." *Lowe*, 226 F.3d at 972.

The ALJ specifically stated that he evaluated Adams' complaints in accordance with Social Security Ruling 96-7p and *Polaski*. The ALJ then noted that Adams did not seek continued

treatment for tremors before March 2002, and she had not been treated by a psychologist or psychiatrist. The ALJ also noted that Adams' neurological examination was normal and that Adams did not regularly take medicine for mental impairment or arthritis. The ALJ also discussed Adams' daily activities noting that she cared for her ex-mother-in-law, painted, cleaned, and went out with friends. Adams admits that her tremors worsened after her insured status expired.

The ALJ may discount a claimant's subjective complaints where there are "inconsistencies in the evidence as a whole." *Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). The ALJ properly evaluated Adams' subjective complaints and discredited those complaints due to inconsistencies in the evidence as a whole.

## B. The ALJ Properly Relied on the Vocational Expert's Testimony.

The ALJ found that Adams retained the RFC to lift and carry 20 pounds occasionally and 10 pounds frequently, stand or walk for 45 minutes at a time and for four hours during an eight hour workday, and sit for six hours. The ALJ also found that Adams could not perform fine manipulation with her left hand but could grip, stoop, kneel, crouch, and crawl occasionally. The ALJ found that Adams was moderately limited in her ability to understand, remember, and carry out detailed instructions. The vocational expert testified that these limitations would not preclude Adams from working as a surveillance system monitor, information clerk, light packer, or photocopy machine operator. Adams argues that the ALJ failed to instruct the vocational expert about all of Adams' limitations.

"The ALJ's hypothetical question to the vocational expert needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole. Moreover, the hypothetical question need not frame the claimant's impairments in the specific diagnostic terms

-4-

used in medical reports, but instead should capture the 'concrete consequences' of those impairments." *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (citations omitted). Because the ALJ properly discredited Adams' testimony, the ALJ's hypothetical did not need to include all of the limitations Adams' subjectively claimed. The ALJ's hypothetical posed to the vocational expert fairly characterized the concrete consequences of Adams' impairments. The ALJ's findings regarding Adams' RFC are adequately supported by the record.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is AFFIRMED.

**IT IS SO ORDERED**.

DATE:      January 23, 2007              */s/ Richard E. Dorr*
                                         RICHARD E. DORR, JUDGE
                                         UNITED STATES DISTRICT COURT